UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.

Case No. 8:92-cr-122-T-27

JOHN DAVID BAILEY

_____/

ORDER

**BEFORE THE COURT** are Defendant's "Motion for Compassionate Release to a Sentence of Time Served Under 18 U.S.C. § 3582(c)(1)(A)(i)" (Dkt. 639), the United States' response in opposition (Dkt. 641), Defendant's "Supplement Supporting Motion for Compassionate Release" (Dkt. 645), and the United States' response to the supplement (Dkt. 649). Upon consideration, the motion is **GRANTED**.

Defendant, John David Bailey, is 73 years old and for the past 28 years has been serving a mandatory life sentence on his convictions for non-violent drug offenses. As discussed below, he suffers from several long-term ailments, including stage 3 chronic kidney disease, hyperlipidemia, hypertension, and extensive coronary artery disease which have required him to undergo several surgeries while incarcerated. As a result of these conditions, his life expectancy has decreased. For the reasons discussed below, this Court finds that extraordinary and compelling reasons justify compassionate release.

Background

In 1993, a jury found Bailey guilty on 17 counts of conspiracy to possess cocaine and heroin with the intent to distribute, distribution of cocaine and heroin, and possession with the intent to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 841 and 846. (Dkts. 275, 277, 358). Judge William J. Castagna sentenced him under the then-mandatory sentencing guidelines

1

to concurrent life terms on 7 counts and 30 years on the remaining 10 counts, to be followed by 10 years of supervised release. (Dkts. 337, 358). His convictions and sentences were affirmed on appeal. (Dkt. 475); *United States v. Bailey*, 116 F.3d 1491 (11th Cir. 1997).

On May 5, 2020, the Office of the Federal Public Defender requested and was appointed to assist Bailey in filing a motion seeking compassionate release under Section 603 of the First Step Act. (Dkts. 636, 637). On May 14, 2020, Bailey filed his motion, contending that "given his age and the time he has served in prison, he satisfies the 'extraordinary and compelling reasons' standard under § 3582(c)(1)(A)(i)." (Dkt. 639 at 1). The United States filed its response, contending that although "Bailey is 73 years old, and has served more than 10 years of his sentence, he remains a danger to the community." (Dkt. 641 at 3). After reviewing the motion and exhibits, and the Presentence Investigation Report ("PSR"), this Court directed Bailey to supplement his motion by filing medical records addressing his health and heart condition. (Dkt. 644). After he filed his supplement (Dkt. 645), the United States filed its supplemental response (Dkt. 649).

## The First Step Act of 2018

The First Step Act amended 18 U.S.C. § 3582 to allow courts to modify a sentence upon finding that "extraordinary and compelling reasons" warrant the reduction of sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Specifically, the First Step Act provides that,

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>     (i)    extraordinary and compelling reasons warrant such a reduction; or
>
>     (ii)    the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently

> imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

*Id.* § 3582(c)(1)(A).

The policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13 identifies five categories of extraordinary and compelling reasons. *Id.* § 1B1.13(1)(A). The first requires a terminal illness, the second a serious physical or medical condition, functional or cognitive impairment, or deteriorating physical or mental health resulting from the aging process, which "substantially diminishes the ability of the defendant to provide self-care within the prison facility and from which he is not expected to recover," the third that defendant be at least 65 years old, experiencing a serious physical or mental health deterioration resulting from the aging process, and having served at least 10 years of his term of imprisonment, the fourth the death or incapacity of one in a specified relationship to the defendant, and the fifth a determination by the Bureau of Prisons ("BOP") that some other extraordinary and compelling reason exists. *Id.* § 1B1.13, cmt. n.1(A)-(D). The policy statement further provides that compassionate release may be appropriate where the defendant is at least 70 years old and has served at least 30 years in prison. *Id.* § 1B1.13(1)(B). And last, the policy statement provides that a sentence should be reduced only if releasing the inmate will not pose "a danger to the safety of any other person or to the community . . . ." *Id.* § 1B1.13(2).

## Discussion

Bailey seeks compassionate release based on the "extraordinary and compelling reasons" standard under 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. 639). Specifically, he argues that he satisfies

3

U.S.S.G. § 1B1.13(1)(B)'s age and sentence criteria, and further contends that he "satisfies the medical-based 'extraordinary and compelling' standard under . . . U.S.S.G. § 1B1.13 n.1 (B)." (Id. at 7); (Dkt. 645 at 2-3). Upon review, this Court finds that he satisfies the standard in § 1B1.13 n.1(B), "Age of the Defendant." (Id.).

### A. *Exhaustion of the BOP's Administrative Remedies*

A defendant may now seek compassionate release after fully exhausting administrative remedies available to him following the failure of the BOP to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). Bailey provides documentation that demonstrates he formally requested a reduction in sentence and that he administratively appealed the warden's denial in January 2020. (Dkt. 639 at 3; Dkt. 639-2 at 2-5). Accordingly, because 30 days have elapsed since the warden received his request for compassionate release, his motion can be considered.[1]

### B. *Extraordinary and Compelling Reasons*

While section 3582(c)(1)(A) allows a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 provides that a court may reduce a term of imprisonment if "(1)(A) extraordinary and compelling reasons warrant the reduction;" "(2) the defendant is not a danger to the safety of any other person or to the community;" and "(3) the reduction is consistent with this policy statement." The policy statement further explains in its commentary that extraordinary and compelling reasons include the following circumstances: "(A) Medical Condition of the Defendant;" "(B) Age of the Defendant; "(C) Family

---

[1] The United States does not contend that Bailey has not fully exhausted administrative remedies before seeking relief from this Court.

Circumstances;" and "(D) Other Reasons." *Id.* § 1B1.13 cmt. n.1.

Relevant here, Application Note 1(B) "Age of the Defendant" includes that extraordinary and compelling reasons may exist where the defendant "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* § 1B1.13 cmt. n.1(B). Bailey satisfies these criteria. He is 73 years old and has served over 28 years in prison. And although he acknowledges that his conditions are "not now life threatening" and that he receives "good care in custody," he asserts that is "experiencing a serious and progressively worsening physical health because of the aging process." (Dkt. 645 at 3). Indeed, according to his medical records, including cardiologist Dr. Imran T. Ismail's report, Bailey suffers from hyperlipidemia, hypertension, stage 3 chronic kidney disease, and cardiac murmur, and has an extensive history of coronary artery disease. (Dkts. 648 at 15-16; 648-1, 648-2). As a result of his cardiac issues, he has undergone several surgeries while incarcerated. (Dkt. 648-1 at 15, 42). The records further indicate that his father passed away at the age of 76 due to heart complications. (Dkt. 648-1 at 108).

Dr. Ismail's report further details these issues and concludes, "[b]ased on Mr. Bailey's medical history, current vitals, laboratory data and calculations made utilizing ATP III and Framingham Scores, he is at a high risk for cardiovascular events" and that "[h]is risk will increase when he is 75 years old . . . ." (Dkt. 648-2 at 2). He further concludes,

> Mr. Bailey's underlying comorbidities of obstructive coronary artery disease and chronic kidney disease have decreased his life expectancy . . . . The natural progression of [coronary artery disease] will continue to deteriorate his quality of life, especially if the above risk facts are not controlled. He can expect to develop worsening angina and decreased exercise capacity and currently has a >30% change of having another cardiovascular event in the next 5 years.

(Id.).[2]

After considering Bailey's age, health, family history of coronary issues, and Dr. Ismail's assessment, this Court finds that Bailey has presented extraordinary and compelling reasons under U.S.S.G. § 1B1.13.

C. *Section § 3142(g) Factors*

Once extraordinary and compelling reasons are shown, section 1B1.13 provides that a sentence should be reduced only if releasing the inmate will not pose a danger to the safety of others or the community. § 1B1.13(2) (citing 18 U.S.C. § 3142(g)). Factors to be considered include: (1) the nature and circumstances of the offenses of conviction; (2) the weight of the evidence; (3) Bailey's history and characteristics; and (4) the nature and seriousness of the danger posed by his release. 18 U.S.C. § 3142(g).

After evaluating these factors in light of the record, this Court finds that Bailey does not present a danger to the safety of any other person or to the community. As to the first and second factors, there is no question that his offense was serious.[3] For his crimes, he deserved and received

---

[2] These concerns related to Bailey's medical conditions are especially pronounced in light of the COVID-19 pandemic. As he notes, his existing medical conditions place him at a higher risk for severe illness if he contracts COVID-19. *See* Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 22, 2020) (stating that people with chronic kidney disease and serious heart conditions are at an increased risk of severe illness from COVID-19). Moreover, his advanced age places him at a higher risk for severe illness. *See* Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), *Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited July 22, 2020). And although courts have determined that general concerns regarding COVID-19 do not meet the criteria for an extraordinary and compelling reason, *see United States v. Smith*, Case No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020), others have determined that COVID-19 factors into the determination when an inmate has certain underlying health conditions, *see United States v. Asher*, Case No. 1:09-cr-414, 2020 WL 3424951, at *4 (N.D. Ga. June 15, 2020) ("While the elevated risk of exposure to COVID-19 may not itself be an extraordinary and compelling reason to reduce a defendant's sentence, . . . [defendant's] specific situation presents extraordinary and compelling reasons to do so.); *United States v. Sanchez*, No. 95-00421-CR-COOKE, 2020 WL 3581631, at *1-2 (S.D. Fla. Apr. 27, 2020). In any event, Bailey's age and health constitute extraordinary and compelling reasons independent of concerns related to COVID-19.

[3] Adding to the seriousness of the offense, he committed it less than two years following his release on other crimes, and while still on parole. (Dkt. 643 at ¶¶ 94-95). Indeed, it was for this reason that the warden denied Bailey's

a lengthy sentence. However, he was sentenced at a time when the sentencing guidelines were mandatory, and as he correctly contends, if sentenced today he would not face mandatory life sentences. *See United States v. Pubien*, 805 F. App'x 727, 730 (11th Cir. 2020). In 2016, when he had served approximately 24 years of his sentence, the sentencing judge, Judge Castagna, wrote to the Office of the Pardon Attorney to support Bailey's commutation petition. (Dkt. 639-1). Judge Castagna explained that, "[w]hile numerous, the factual violations attributed to Mr. Bailey are not of the caliber or intensity deserving of the ultimate penalty imposed." (Id. at 3). Judge Castagna further explained that "equity and compassion favor commutation," citing the 24 years Bailey had already served, along with the fact that "[h]e is now 69 years old [, a]ll of his co-conspirators have been or will soon be released," and that given his age, the risk of recidivism is low. (Id.).

Indeed, as to the third and fourth factors, Bailey's medical conditions and age make him statistically less likely to reoffend. According to the Sentencing Commission, "age is generally a strong factor influencing the likelihood of committing a crime," with "older offenders . . . substantially less likely than younger offenders to recidivate following release."[4] And his numerous health issues weigh in favor of his reduced risk to reoffend.

Accordingly, upon considering Bailey's age, deteriorating health, and the substantial

---

most recent request for compassionate release, noting that because Bailey was "identified as the leader in a large drug organization, . . . [was] convicted of two aggravated assaults and [was] involved in taking two guards and a private attorney hostage in an escape attempt that escalated into a jail riot," . . . "the possibility exists [he] may still pose a risk to society." (Dkt. 639-2 at 2) (emphasis added). As for his 1979 kidnapping conviction, the record suggests that it stemmed from a purported prison riot in which Bailey did not play an active role. Notwithstanding, these prior offenses occurred more than 41 years ago. Since that time, he has been granted parole by the Florida Department of Corrections and Florida Commission of Offender Review on the sentences he received for those offenses (Dkt. 639-3). Indeed, in making its determination, the Commission concluded that his release is "(1) not merely a reward for good conduct or efficient performance of duties assigned in prison, (2) that there is a reasonable probability that while on parole the inmate will live and conduct himself as a respectable and law-abiding person, and (3) that the inmate's release will be compatible with his own welfare and the welfare of society." (Id. at 3).

[4] U.S. Sentencing Comm'n, The Effects of Aging on Recidivism Among Federal Offenders, 11, 30 (Dec. 2017), https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders.

amount of time he has already served, this Court finds that the risk of him engaging in criminal behavior is minimal. Moreover, as discussed below, he will be placed on 10 years of supervised release, which will result in substantial oversight by the United States Probation Office. And as Bailey points out, he is still subject to parole on his state convictions, which is not set to expire until January 25, 2044. (Dkt. 639-3). He, therefore, will not pose a risk to others or the community if released.

    **D.** *Section § 3553(a) Factors*

Title 18 U.S.C. § 3582(c)(1)(A) further requires a court, upon finding that extraordinary and compelling reasons exist, to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. Those factors aid the court to impose a sentence that is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 182 (11th Cir. 2019) (citing 18 U.S.C. § 3553(a)). In addition to these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809 (11th Cir. 2020) (citations omitted).

Reducing Bailey's sentence furthers the goals of section 3553. As noted above, this Court recognizes the seriousness of his drug trafficking offense and his history and characteristics at the time he was sentenced. As a result of his criminal activity, he has been incarcerated for over 28 years in this case. That alone is a significant sanction. Additionally, once released, he will be on supervised release for 10 years, and he remains on state parole until 2044, both of which will serve as a continued sanction and general deterrent.

As to Bailey's current history and characteristics, his advanced age and deteriorating health weigh in favor of compassionate release. Releasing him will also serve the interest of allowing him to seek and receive medical care for his numerous medical conditions, particularly in light of the COVID-19 pandemic. Accordingly, this Court finds that the 28-plus years he has served, in addition to the 10 years of supervised release he will serve, are sufficient, but not greater than necessary, to satisfy the purposes set forth in section 3553(a).[5]

## Conclusion

After considering the extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13, the sentencing factors in 18 U.S.C. § 3553(a), and after consideration of the applicable Sentencing Commission policies, this Court finds that Bailey is entitled to compassionate release. This Court further finds that upon his release, he will not pose a danger to any person or the community. Accordingly,

1. Defendant Bailey's Motion for Compassionate Release to a Sentence of Time Served Under 18 U.S.C. §3582(c)(1)(A)(i) (Dkt. 639) is **GRANTED.**

2. His sentence is hereby **MODIFIED** as follows:

---

[5] District courts have granted compassionate release in similar circumstances. *See Sanchez*, 2020 WL 3581631, at *1-2 (granting release to a defendant sentenced to life in 1995 for marijuana-related offenses; who was 76 years old; had served 24 years of his life sentence; and suffered from heart conditions and chronic kidney disease); *United States v. Plunk*, Case No. 3:94-cr-36, 2020 WL 3582902, at *1 (D. Alaska Apr. 9, 2020) (granting relief to a defendant who was sentenced to two concurrent life terms for cocaine offenses; was over 70 years old; had served over 26 years of his life sentences; and experienced serious deterioration in physical health due to the aging process); *United States v. Fai*, Case No. 93-cr-1340, 2019 WL 3428504, at *3 (E.D.N.Y. July 30, 2019) (granting relief when defendant had a life sentence; was 65 years old; had served 26 years of his life sentences; and had serious medical conditions); *United States v. Johns*, Case No. 91-cr-392, 2019 WL 2646663, at *3 (D. Ariz. June 27, 2019) (granting relief to defendant who was sentenced to three concurrent life sentences for cocaine conspiracy convictions; was 81 years old; had served almost 23 years of his life sentences; had been a "model inmate"; and was on the "cusp of or is suffering from a serious physical or medical condition and is experiencing deteriorating physical or mental health because of the aging process"); *United States v. Cantu-Rivera*, Case No. 89-cr-204, 2019 WL 2578272, at *2 (S.D. Tex. June 24, 2019) (granting relief when defendant was 69 years old; had spent over 30 years in prison; and had health issues); *United States v. McGraw*, Case No. 2:02-cr-00018, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (granting relief when defendant had a life sentence for conspiracy to distribute methamphetamine; was 72 years old; had served 17 years of his sentence; and had serious medical conditions).

a. His sentence is reduced to time served, effective immediately, followed by 10 years of supervised release, including, as additional special conditions of supervised release, a 4-month period of home confinement with electronic monitoring to provide a structured and stable release environment, and that he is to comply with all conditions of his Florida parole.[6] All other terms and conditions of supervision that were originally imposed remain unchanged. *See* (Dkt. 358 at 3).

b. The Federal Bureau of Prisons is directed to release Bailey immediately after the United States Probation Office approves his release plan.

c. Bailey must report in person to the United States Probation Office within 72 hours of his release.

**DONE AND ORDERED** this 24th day of July, 2020.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record, Bureau of Prisons, Warden at USP Hazelton, U.S. Probation

---

[6] This Court reserves jurisdiction to modify the conditions of his supervised release should any term or condition in this Order or his judgment conflict with a condition of his Florida parole.